# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHIRLEY ANN ADKISSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0003-CVE-PJC |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 6). Petitioner, a state inmate appearing *pro se*, submitted a letter (Dkt. # 9) in response to the motion to dismiss. For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for failure to exhaust state remedies.

### *BACKGROUND*

On March 1, 2010, Petitioner entered an Alford[1] plea to a felony charge of Unlawful Possession of a Controlled Dangerous Substance (Cocaine) (Count 1) and a misdemeanor charge of Unlawful Possession of Paraphernalia (Count 2), in Tulsa County District Court, Case No. CF-2009-2202. See Dkt. # 7, Ex. 2. The trial judge accepted the plea, found Petitioner guilty, and sentenced her to four (4) years imprisonment on Count 1 and a fine of $50 on Count 2. Id. At the change of plea hearing, Petitioner was represented by attorney Sharon Holmes. On March 9, 2010, Petitioner filed a motion to withdraw plea. The trial judge appointed attorney Brian Martin to

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970) (recognizing constitutional validity of accepting guilty plea despite defendant's claim of innocence where record contains strong evidence of actual guilt).

represent Petitioner at the hearing on the motion to withdraw plea. A hearing on the motion to withdraw plea was held on April 20, 2010. At the conclusion of the hearing, the trial judge denied the motion. Id.

Petitioner, represented by attorney Mark P. Hoover, filed a *certiorari* appeal at the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 7, Ex. 2. Petitioner raised the following proposition of error:

> Because Petitioner failed to understand the consequences of her plea, it was not knowingly and voluntarily entered and she must be allowed to withdraw it.

Id. In an unpublished summary opinion filed December 9, 2010, in Case No. C-2010-415 (Dkt. # 7, Ex. 1), the OCCA denied *certiorari*. Petitioner has not sought post-conviction relief in the state courts of Oklahoma.

Petitioner filed the instant petition for writ of habeas corpus on January 3, 2011 (Dkt. # 1). Petitioner raises four (4) claims, described in her words as follows:

Ground 1: Insufficient defense counsel: I was not read any Miranda rights to the charges I was wrongly held on being incarcerated on. My codef[endant] was, I never was. I think this is the 4th Amendment.

Ground 2: Evidence favorable to my defense was withheld that would exonerate me of these false chgs. Brady v. Maryland.

Ground 3: Prosecutorial misconduct of D.A. Addison (malicious).

Ground 4: Insufficient defense counsel by my atty Sharon Holmes.

(Dkt. # 1). Petitioner admits that her habeas claims were not raised in her *certiorari* appeal. See id. In support of the motion to dismiss (Dkt. # 7), Respondent asserts that Petitioner has never presented any of her habeas claims to the OCCA and that, therefore, Petitioner has not satisfied the exhaustion requirement of § 2254(b).

*ANALYSIS*

A state prisoner generally may not raise a claim for federal habeas corpus relief unless she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii). The state prisoner bears the burden of proving that she exhausted state court remedies, see McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Requiring exhaustion may be futile if it is clear that the state courts would impose a procedural bar on the petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In this case, upon review of the record, the Court finds that Petitioner has not presented her claims to the Oklahoma state courts and that she has an available remedy, an application for post-conviction relief. To satisfy the exhaustion requirement, Petitioner will be required to raise her

claims in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2009-2202, and to appeal any adverse ruling to the OCCA.

Petitioner is advised that pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on appeal. However, the state courts may consider a petitioner's claims if she is able to demonstrate "sufficient reason" for her failure to raise the claims in a prior proceeding. Okla. Stat. tit. 22, § 1086. Significantly, the state courts have not considered whether Petitioner has "sufficient reason" for failing to raise her claims on *certiorari* appeal. In her petition, Petitioner implies that appellate counsel provided ineffective assistance in failing to raise the claims on *certiorari* appeal. Claims of ineffective assistance of counsel, including claims of ineffective assistance at the hearing on the motion to withdraw plea or on *certiorari* appeal, would have to be raised as separate claims in an application for post-conviction relief to be considered sufficient reason for failure to raise omitted claims on *certiorari* appeal.

The Court concludes that it may not be futile to require Petitioner to return to state court to present her constitutional claims in an application for post-conviction relief filed in Tulsa County District Court, Case No. CF-2009-2202. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted. The petition shall be dismissed without prejudice. Should Petitioner fail to obtain relief from the state courts, she may file a new federal petition for writ of habeas corpus in this Court raising any claim she has fairly presented to the OCCA. The Court emphasizes that

Petitioner must file a new petition in this Court promptly after the OCCA enters its ruling, within the time remaining in her one-year limitations period imposed by 28 U.S.C. § 2244(d).[2]

*CONCLUSION*

Petitioner has failed to exhaust available state remedies before seeking federal habeas corpus relief. Therefore, Respondent's motion to dismiss for failure to exhaust shall be granted and the petition for writ of habeas corpus shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust state remedies.

**DATED** this 5th day of May, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Petitioner is advised that the one-year period will be tolled while any "properly filed" post-conviction proceeding is pending in the state courts. See 28 U.S.C. § 2244(d)(2). However, the one-year period has **not** been tolled, or suspended, during the pendency of this federal habeas corpus action. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)).